UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JIMMIE ROBERT GRAHAM, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CV420-288 |
| ) | |
| CHATHAM COUNTY SHERIFF'S ) | |
| DETENTION CENTER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

*Pro se* plaintiff Jimmie Robert Graham, III filed this 42 U.S.C. § 1983 case, seeking to recover damages arising from a fall he suffered while incarcerated at Chatham County Detention Center. *See* doc. 1-1. The Court granted him leave to proceed *in forma pauperis*, doc. 4, and he returned the required forms, docs. 6 & 7. The Court must, therefore, screen his Complaint, pursuant to 28 U.S.C. § 1915A. Although his Complaint fails to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915A(b)(1), he will have an opportunity to amend it.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the

Complaint are taken as true and construed in the light most favorable to the plaintiff, *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). The facts that Graham alleges are straightforward. He suffered fractures to both feet when he was exercising at the Detention Center and fell on uneven pavement. Doc. 1-1 at 5. He did not receive immediate medical attention. *Id.* He alleges that "[t]he situation was handled poorly and the proper medical attention was not provided . . . ." *Id.* He seeks monetary damages, including future medical expenses. *Id.* at 6.

First, Graham has not named a proper defendant. He identifies the defendant in this case as "Chatham County Sheriff's Detention Center." Doc. 1-1 at 4. That name appears to be a confusion of Chatham County Detention Center and the Chatham County Sheriff's Department. Neither is a proper defendant. Jails and prisons are not entities subject to suit under § 1983. *See, e.g., Meyers v. Chatham Cnty. Det. Ctr.*, 2022 WL 1215640, at *1 (S.D. Ga. Apr. 25, 2022) ("[T]he Chatham County Detention Center is not an entity subject to suit."). Similarly, sheriffs' departments are not entities subject to suit. *See, e.g., Dempsey v. Elmore*, 2008 WL 4491475, at *5 (S.D. Ga. Oct. 3, 2008) (holding "Plaintiff cannot state a valid claim against the Chatham County Sheriff's Department

because it is not subject to suit under 42 U.S.C. § 1983."). Accordingly, to the extent that Graham names either the Chatham County Detention Center or the Chatham County Sheriff's Department, those defendants are **DISMISSED**.

Graham's allegations concerning his fall also fail to state a claim upon which relief can be granted. Section 1983 simply cannot be used to bring a negligence-based tort suit in federal court,[1] and even read most charitably, an allegation that there was a hazard created by the uneven pavement does not allege negligence. *Farmer v. Brennan*, 511 U.S. 825, 836-40 (1994); *see also, e.g., Morris-el v. United States*, 2020 WL 6937470, at *4 (S.D. Ga. Nov. 2, 2020) ("slip and fall accidents do not give rise to federal causes of action" (internal quotations and citations omitted)). To assert a § 1983 claim, Graham must allege not only that he was exposed to "a substantial risk of serious harm" but also that the responsible prison officials acted with "deliberate indifference" to that *known* risk. *Farmer*, 511 U.S. at 834. *Farmer* defined deliberate indifference in terms of the subjective recklessness used in the criminal law: "a prison official cannot

---

[1] *See generally Daniels v. Williams*, 474 U.S. 327 (1986) (prison official's negligence in failing to protect inmate from harm does not give rise to a cause of action under § 1983).

be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Negligence, which arises when a person fails to live up to an *objective*, reasonable-man standard of conduct, falls far short of this *subjective* standard. *See Goebert v. Lee Cty.*, 510 F.3d 1312, 1326-27 (11th Cir. 2007) (explaining that subjective component of deliberate indifference requires more than even gross negligence).

None of Graham's allegations suggest that the pavement where he fell was even *negligently* maintained. He alleges the pavement where he fell was uneven because it contained a drain. Doc. 1-1 at 5. He does not even allege that any prison official, exercising due care, knew or should have known that the condition posed a risk. *Cf. LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment" (internal quotes and cite omitted)); *Hudson v. Neuschmid*, 2020 WL 5943681, at *2 (E.D. Cal. Oct. 7, 2020) (rejecting prisoner's claim because express

allegations "that the warden should have known about an uneven section of pavement implies negligence at worst."); *Amerson v. Kelley*, 465 S.E. 2d 470, 471 (Ga. Ct. App. 1995) ("Broken or uneven pavement is a 'static' condition which is not dangerous unless someone fails to observe it and steps into it."). More to the point, his allegations fall far short of asserting the level of culpability required by the Eighth Amendment—actual, subjective awareness of a substantial risk to inmate health or safety. *Farmer*, 511 U.S. at 840 ("Eighth Amendment liability requires consciousness of a risk"); *id.* at 841 ("deliberate indifference serves under the Eighth Amendment to ensure only that inflictions of punishment carry liability"); *id.* at 842 ("a prison official who was unaware of a substantial risk of harm to an inmate may . . . [not] be held liable under the Eighth Amendment [even] if the risk was obvious and a reasonable prison official would have noticed it").

That leaves a possible inadequate-medical-care claim. Prison officials' deliberate indifference to "an inmate's serious medical needs violates the inmate's right to be free from cruel and unusual punishment." *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)); *see Farmer*, 511

U.S. at 832-33 (although prison conditions may be restrictive and harsh, prison officials must provide, *inter alia*, necessary medical care). Even if the treatment an inmate receives was negligent, that's not enough to support a § 1983 claim. *See, e.g. Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing *Estelle*, 429 U.S. at 106) ("Mere incidents of [medical] negligence or malpractice do not rise to the level of constitutional violations.").

To be sure, Graham's allegation of fractures in both his heels alleges a serious medical need. *See, e.g., Brown v. Huges*, 894 F.2d 1533, 1538 (11th Cir. 1990) (recognizing "a broken foot can be a serious and painful injury."). Moreover, "it may be that deliberately indifferent delay, no matter how brief, would render defendants liable . . . ." *Id*. "Even if [courts] . . . recognize as de minimis delays of a few seconds or minutes, a deliberate delay on the order of hours in providing care for a serious and painful broken foot is sufficient to state a constitutional claim." *Id*. Graham's allegations of his injury and the delay in medical attention are, therefore, relevant to a deliberate-indifference claim. Graham, however, does not identify any prison employee in his Complaint. *See* doc. 1-1 at 5. Graham has simply omitted any allegation that any prison employee

or official knew he had injured himself and was deliberately indifferent. *See, e.g., Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir. 2010); *Burnette v. Taylor*, 533 F.3d 1325, 1331 (11th Cir. 2008) (in analyzing deliberate indifference, each defendant is "judged separately and on the basis of what that person knows.").

In summary, Graham has failed to state any claim arising from his fall at the Chatham County Detention Center. Despite his Complaint's failure to state a viable claim, "when a more carefully drafted complaint might state a claim, a district court should give a *pro se* plaintiff at least one chance to amend the complaint before the court dismisses the action." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Accordingly, Graham is **DIRECTED** to submit an Amended Complaint no later than February 10, 2023. To facilitate his preparation of the Amended Complaint, the Clerk is **DIRECTED** to send him a blank Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Graham is advised that his amended complaint will supersede the current operative complaint and therefore must be complete in itself. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982). Graham is further advised that failure to timely

submit his amended complaint may result in a recommendation that this case be dismissed for failure to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

Finally, the Court must assess Graham's filing fee. *See* 28 U.S.C. § 1915(b). Plaintiff's prisoner trust fund account statement reflects $58.34 in average monthly deposits. Doc. 7 at 1. Based upon his furnished information, he owes an initial partial filing fee of $11.67. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the

custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED,** this 11th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA